# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

PHILLIP NNAKA and
SUSSANA NNAKA,                )
                              )
        Plaintiffs,         )
                              )
v.                            )  Case No. 10-CV-0731-CVE-PJC
                              )
PROGRESSIVE MOUNTAIN INSURANCE)
COMPANY,                      )
                              )
        Defendant.          )

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Transfer Venue to the United States District Court for the Middle District of Georgia and Brief in Support (Dkt. # 9). Defendant argues that plaintiffs are residents of Georgia and their claims concern an insurance policy governed by Georgia law, and the Court should transfer this case to the United States District Court for the Middle District of Georgia under 28 U.S.C. § 1404. Plaintiffs have not responded to defendant's motion and the time to respond has expired.[1]

### I.

Plaintiffs Phillip and Sussana Nnaka are residents of Georgia who were visiting Oklahoma on January 23, 2010, when they were involved in an automobile accident in Tulsa. They allege that the driver who caused the accident fled the scene and has not been identified. Dkt. # 2-2, at 2.

---

[1] The Court is not treating defendant's motion as confessed under LCvR 7.2(e) and will hold defendant to its burden to show that transfer is appropriate. However, the Court will not construct arguments for plaintiffs.

Plaintiffs had automobile insurance with Progressive Mountain Insurance Company (Progressive),[2] and the insurance policy included uninsured and underinsured motorist coverage. Id. at 3. The insurance policy was issued under a form approved by the Georgia Office of Insurance and is called a "Georgia Auto Policy." Dkt. # 9-2, at 3. The insurance policy also states that "[a]ny disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the State of Georgia." Id. at 28. The vehicle involved in the automobile accident is garaged in Macon, Georgia.

Plaintiffs filed insurance claims with Progressive and sought coverage under the uninsured and underinsured motorist provisions of the policy. They also retained an Oklahoma attorney to assist them with their claims. See Dkt. # 9-6, at 3, 4. Progressive used insurance adjustors in Georgia to evaluate plaintiffs' insurance claims. Id. at 1-9. Progressive offered to settle Phillip Nnaka's claim for $4,092 and requested additional medical records for Susanna Nnaka before making a settlement offer for her claim. Id. at 6. The record does not show if Phillip Nnaka formally rejected this offer, but plaintiffs filed a lawsuit on October 21, 2010 in Tulsa County District Court alleging, inter alia, that Progressive breached the insurance policy and acted in bad faith in its handling of plaintiffs' uninsured or underinsured motorist claims. Dkt. # 2-2, at 2-6. Defendant removed to this Court on November 18, 2010, on the basis of diversity jurisdiction. Dkt. # 2.

---

[2] Progressive is an Ohio corporation licensed to sell insurance in the state of Georgia. Dkt. # 9-3, at 2. However, Progressive does not conduct business in Oklahoma and is not licensed to sell insurance in Oklahoma. Id.

**II.**

Defendant argues that the Court should transfer this case to the Middle District of Georgia, because that venue would be more convenient for all parties and it would be preferable for a court familiar with Georgia law to hear this case. Defendant asks the Court to transfer this case under § 1404[3] and states that it is subject to personal jurisdiction in Georgia. Dkt. # 9, at 9.

Under § 1404(a), a court may transfer a case to any judicial district in which it could originally have been filed "[f]or the convenience of parties and witnesses." In deciding whether transfer is appropriate, the Tenth Circuit has directed district courts to consider the following factors: (1) "the plaintiff's choice of forum;" (2) "the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;" (3) "the cost of making the necessary proof;" (4) "questions as to the enforceability of a judgment if one is obtained;" (5) "relative advantages and obstacles to a fair trial;" (6) "difficulties that may arise from congested dockets;" (7) "the possibility of the existence of questions arising in the area of conflict of laws;" (8) "the advantage of having a local court determine questions of local law;" and (9) "all other considerations of a practical nature that make a trial easy, expeditious and economical." Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting Tex.

---

[3] Defendant states that it is not seeking dismissal for lack of personal jurisdiction, but it does not admit that this Court has personal jurisdiction over it. Dkt. # 9, at 9 n.1. This suggests that there may also be an issue as to whether this Court is a proper forum and if a transfer should be effected under 28 U.S.C. § 1406. Defendant has not sought dismissal for lack of personal jurisdiction or improper venue, and it specifically requests transfer under § 1404. Thus, the Court declines to reach these issues, even though the statutory basis for transfer will affect the choice of law decision by the transferee court. Doering ex rel. Barrett v. Copper Mountain, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001) (transferee court must apply choice of law rules of transferor court if a case is transferred under § 1404 but must apply choice of law rules of transferee court if case is transferred under § 1406); Manley v. Engram, 755 F.2d 1463, 1467 (11th Cir. 1985) (same).

Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)) (internal quotation marks omitted). When a party files a motion to transfer venue, the moving party has the burden to prove inconvenience to the parties and witnesses. Rivendell Forest Prods., Ltd., v. Canadian Pacific Ltd., 2 F.3d 990, 993 (10th Cir. 1993).

The Court must initially decide if the case "might have been brought" in the Middle District of Georgia before considering whether transfer is appropriate. Under 28 U.S.C. § 1391(a), venue is proper in any judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." Plaintiffs are residents of Georgia and they filed an uninsured or underinsured motorist claim with an insurer licensed to conduct business in Georgia. Plaintiffs corresponded with a claims adjuster in Rome, Georgia, and their claims against defendant concern the handling of their insurance claims. See Dkt. # 9-6, at 1-9 (letters by plaintiffs' counsel and Progressive's claims adjuster concerning plaintiffs' insurance claims). Defendant states that it conducts business and is subject to personal jurisdiction in Georgia. Dkt. # 9, at 9. The Court finds that plaintiffs could have filed this case in the Middle District of Georgia and it may be appropriate to transfer the case to that court.

As noted above, the Tenth Circuit has identified nine factors that a district court should consider when ruling on a motion to transfer venue. The first factor for the Court to consider is plaintiffs' choice of forum. The general rule is that the plaintiff's choice of forum should not be disturbed unless the defendant makes a strong showing that the chosen forum would be inconvenient to the parties and witnesses. Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992); Texas Eastern Transmission Corp v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 567 (10th Cir. 1978). However, the plaintiff's choice of forum is given less deference if the plaintiff does not reside in the

4

judicial district. Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010); Orr v. Riederer, 2010 WL 3999089, *1 (D. Kan. Oct. 12, 2010); Ervin & Assoc., Inc. v. Cisneros, 939 F. Supp. 793, 799 (D. Colo. 1996). Even though the automobile accident giving rising to plaintiffs' insurance claims occurred in Tulsa, plaintiffs are residents of Georgia and were only visiting Oklahoma at the time of the accident. Plaintiffs might argue that their attorney is located in Tulsa, but this has no bearing on the Court's ruling on defendant's motion to transfer venue. See RKS Design Int'l v. Thane Int'l, Inc., 2006 WL 3228717, *2 (W.D. Okla. Nov. 7, 2006); Matt v. Baxter Healthcare Corp., 74 F. Supp. 2d 467, 469 (E.D. Pa. 1999). Plaintiffs' choice of forum should not be entirely disregarded, but it is entitled to less weight to the lack of a local connection to the case.[4]

Defendant argues that all or many of the witnesses who will likely be called to give a deposition or testify at a trial are located in Georgia, and the second factor (accessibility of witnesses) strongly favors transfer of venue to the Middle District of Georgia. Although plaintiffs were involved in an automobile accident in Tulsa, plaintiffs have identified no potential witnesses who reside in Tulsa and the facts surrounding the automobile accident are not a key part of plaintiffs' claims against Progressive. Instead, this case primarily concerns Progressive's handling

---

[4] Plaintiffs have not responded to defendant's motion, but a motivating factor in plaintiffs' decision to file this case in Oklahoma may have been differences between Georgia and Oklahoma law for claims of bad faith against an insurer arising out of denial of uninsured motorist coverage. Georgia law is stricter in terms of the standard to hold an insurer liable for bad faith and may not allow punitive damages against an insurer for alleged bad faith handling of an insurance claim. See GA. CODE ANN. § 33-7-11; Thomas v. State Farm Mut. Auto. Co., 2009 WL 3379063, *3 (S.D. Ga. Oct. 20, 2009). However, variations in state law are not a reason to deny a motion to transfer venue and plaintiffs' choice of forum does not affect the choice of law analysis. See Iragorri v. United Technologies Corp., 274 F.3d 65 (2d Cir. 2001) (plaintiff's choice of forum entitled to less weight if the forum was selected for illegitimate reasons such as gaining a tactical advantage over the defendant).

of plaintiffs' insurance claims, and the insurance adjustors who worked on plaintiffs' insurance claims are located in Georgia. Progressive is licensed to sell insurance in Georgia, but it conducts no business in Oklahoma. Plaintiffs are also residents of Georgia. Transfer of venue would result in improved access to witnesses and other sources of evidence for all parties, and this factor favors transfer. This factor is closely related to the third factor (the cost of obtaining evidence) and the fifth factor (relative advantages and obstacles to a fair trial), and it would be substantially more expensive for all parties to litigate this case in this Court. These factors support defendant's request to transfer this case to the Middle District of Georgia.[5]

Defendant also argues that Georgia law will apply to plaintiffs' claims and this case should be transferred to a court more familiar with Georgia law.[6] Dkt. # 9, at 15. The insurance policy expressly states that "[a]ny disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the State of Georgia." Dkt. # 9-2, at 28. Even if the policy did not contain this language, defendant argues that Georgia law would still apply to this case under Oklahoma's choice of law rules. Plaintiffs allege that defendant breached the insurance contract and committed a separate tort by handling plaintiffs' insurance claims in bad faith. Dkt. # 2-2, at 2-4. Under OKLA. STAT. tit. 36, § 3636, Oklahoma law does not apply to a claim for uninsured motorist

---

[5] Defendant has made no argument as to the fourth factor (enforceability of a judgment), but there may be an issue as to the enforceability of a judgment entered by this court. It is likely that the Court lacks personal jurisdiction over defendant and a judgment entered by this Court might be unenforceable. This factor supports defendant's motion to transfer. Defendant has also presented no evidence as to the sixth factor (congestion of court dockets), and the Court has no factual basis to determine if this factor supports or weighs against transfer of venue.

[6] This argument concerns the seventh (existence of conflict of law questions) and eighth (advantage of local court hearing issues of local law) Chrysler Credit factors.

coverage by an out-of-state motorist when the insurance policy was issued under the law of another state and the vehicle is garaged in a state other than Oklahoma. Bernal v. Charter County Mut. Ins. Co., 209 P.3d 309, 316-17 (Okla. 2009). Even if this case were tried in Oklahoma, the Court would be bound to apply Georgia law to plaintiffs' breach of contract claims. As to plaintiffs' bad faith claim, the Oklahoma Supreme Court has adopted the "most significant relationship test" to determine which state's law governs a tort claim. This test has four non-exclusive factors:

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

Brickner v. Gooden, 525 P.2d 632, 634 (Okla. 1974). Under this test, it is clear that Georgia law applies to plaintiffs' bad faith claim. In this case, the automobile accident occurred in Tulsa but the accident is not the true cause of plaintiffs' injuries for any alleged bad faith. See Taylor v. State Farm Fire & Cas. Co., 981 P.2d 1253, 1258 (1999) (stating that an insured's damages for bad faith are measured by the amount owed under the insurance policy together with "those *other items of recovery* that are consistent with harm flowing from insurer's bad-faith breach of its implied-in-law duty to settle"). If plaintiffs were injured by defendant's conduct, that injury is the result of alleged bad faith conduct that occurred in Georgia, rather than personal injuries suffered in the automobile accident in Tulsa. As to the third and fourth Brickner factors, plaintiffs reside and defendant conducts business in Georgia, and the parties's relationship is based on a Georgia automobile insurance policy. The parties entered an insurance contract in Georgia and the handling of plaintiffs' insurance claims occurred in Georgia. In a recent decision involving choice of law for a bad faith

claim, the Tenth Circuit found that Oklahoma law should apply to a bad faith claim because the parties entered the insurance policy in Oklahoma and Oklahoma law governed a related breach of contract claim. Hambelton v. Canal Ins. Co., 2010 WL 5173821, *1-2 (10th Cir. 2010).[7] Plaintiffs' breach of contract claim is governed by Georgia law and, under Hambelton, this strongly supports applying Georgia law to their bad faith claim as well. Oklahoma choice of law rules would require this Court to apply Georgia law to plaintiffs' claims, and this weighs in favor of transferring this case to the Middle District of Georgia.

Considering all of the factors, the Court finds that this case should be transferred to the Middle District of Georgia under § 1404(a). The only factor possibly supporting denial of defendant's motion to transfer is the fact that plaintiffs chose to file the case in Oklahoma. However, this does not outweigh the significant inconvenience that would result to the parties or witnesses from trying the case in Tulsa. There is also a benefit of having a federal court in Georgia hear claims arising under Georgia law. Plaintiffs' claims have only a slight connection to Oklahoma and the public interest of having a court with a stronger connection to the case also support transfer of venue. See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Venue to the United States District Court for the Middle District of Georgia and Brief in Support (Dkt. # 9) is **granted**, and the Court Clerk is directed to transfer this case to the United States District Court for the Middle District of Georgia.

**DATED** this 13th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[7] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.